UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| ERIC P. VON WIEGEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:07-125-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| KARL KOCH, et al., | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*     \*\*     \*\*     \*\*     \*\*

Before the Court is the motion of Plaintiff Eric P. von Wiegen to remand this case to Fayette Circuit Court [Record No. 4]. Defendants Karl Koch, Daniel McGlynn, Christopher Glisson, and their law firm, McGlynn, Glisson and Koch have filed a response to the motion [Record No. 15]. Also before the Court are Defendants' motions to set aside the default judgment entered by Fayette Circuit Court and to alter, amend, or vacate the final judgment [Record No. 1]. Von Wiegen has responded to these motions [Record No. 1]. Having reviewed the motions and responses and having conducted an evidentiary hearing on the matter on July 18, 2007, the Court finds that the case was properly removed to this Court and that the default judgment should be set aside. This Memorandum Opinion and Order supplements my oral findings of fact and conclusions of law rendered after the hearing.

**Facts**

On February 21, 2007, Plaintiff Eric P. von Wiegen brought suit against the defendants in Fayette Circuit Court.   Four

summonses were issued for each of the four defendants.  Von Wiegen claims that he hired a process server, Deputy Sheriff Sharlonda Moore, to serve process upon the defendants at their Baton Rouge, Louisiana office.  According to affidavits she signed on March 12, 2007, Deputy Moore states that she served summonses upon Christopher Glisson, Daniel McGlynn, Karl Koch and the law firm on March 7, 2007.  The affidavit pertaining to serving Glisson was the only notarized affidavit.  The three other affidavits are included in the state court record state that Deputy Moore served the law firm, McGlynn, and Koch, but these affidavits are not notarized.  In an April 27, 2007, affidavit that contradicts her previous affidavits, Deputy Moore states that she gave the four summonses and four complaints to Ashley Thorgeson, the law firm's receptionist, on March 7, 2007.

On April 5, 2007, von Wiegen filed a motion for default judgment, citing the defendants' failure to file an answer to his complaint.  The Fayette Circuit Court granted von Wiegen's motion for default judgment on April 10, 2007.  On April 20, 2007, Defendants filed a motion to reconsider, set aside, and vacate the default judgment.  McGlynn and Glisson filed affidavits with the Fayette Circuit Court stating that their receipt of the default judgment order on April 12, 2007, was the first notice they had received of the case against them.  McGlynn and Glisson state that neither were personally served with process at their office on

March 7, 2007, as von Wiegen contends.  Mr. Koch filed a similar affidavit and also noted that he was out of the office on March 7, 2007.

On May 4, 2007, Defendants removed the case to this Court. Von Wiegen argues in his motion to remand that the defendants did not file their notice of removal within the thirty-day period prescribed by 28 U.S.C. § 1446.  Von Wiegen claims that the defendants were properly served by Deputy Moore on March 7, 2007; therefore, their May 4, 2007, notice of removal was filed too late and the case must be remanded to Fayette Circuit Court.  Defendants argue that service of process on their receptionist was ineffectual to serve them personally or to serve their law firm.  Because they were never properly served with process, they argue, their May 4, 2007, notice of removal was timely.

**Applicable Law**

Under 28 U.S.C. § 1446(b), removal must be made within thirty days "after the receipt by the defendant, through service of process or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  The defendant has the burden of proving that removal was in compliance with the procedural requirements of § 1446(b).  *May v. Johnson Controls, Inc.*, 440 F. Supp. 2d 879, 882 (W.D. Tenn. 2006).  The thirty-day window in which Defendants could remove the case to this Court could only be triggered by Plaintiff von

Wiegen's proper service of process upon the defendants. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-49 (1999).

The defendant law firm is a professional corporation. Kentucky Civil Rule 4.04(5) provides: "Service shall be made upon a corporation by serving an officer or managing agent thereof, or the chief agent in the county wherein the action is brought, or any other agent authorized by appointment or by law to receive service on its behalf." Ky. R. Civ. P. 4.04(5). Defendants Koch, Glisson and McGlynn are Louisiana residents. Under Kentucky Civil Rule 4.04(8),

> Service may be made upon an individual out of this state . . . either by certified mail in the manner prescribed in Rule 4.01(1)(a) or by personal delivery of a copy of the summons and of the complaint (or other initiating document) by a person over 18 years of age. Proof of service shall be made either by the return receipt mentioned in Rule 4.01(1)(a) or by affidavit of the person making such service, upon or appended to the summons, stating the time and place of service and the fact that the individual served was personally known to him.

Ky. R. Civ. P. 4.04(8).

## Analysis

The issue presented to the Court is whether von Wiegen properly served the defendant law firm and the individual defendants on March 7, 2007, thereby triggering the thirty-day period within which the defendants were required to file a notice of removal. Plaintiff relies specifically upon the sworn statement

4

of Deputy Moore confirming that she served all Defendants through their known agent.[1]   Von Wiegen claims that the law firm's receptionist was an "agent authorized by appointment" to receive service on behalf of the law firm and the individual defendants but fails to provide support for that conclusion.

Proper service, not simply notice of the suit by other means, triggers the removal period.  *Murphy Bros.*, 526 U.S. at 348-49.  Plaintiff relies upon the now defunct "receipt rule."  Under that rule, the actual receipt by a defendant of a complaint is "sufficient to commence the thirty-day period, irrespective of the technicalities of state service of process requirements."  *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 967 (6th Cir. 1993).  The decision in *Murphy Brothers* abrogates the Sixth Circuit's holding in *Tech Hills II* in which it accepted the "receipt rule."  *See Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 928 (E.D. Tenn. 2002).

At the hearing, Defendants presented testimony disputing von Wiegen's claim that they were properly served.  Thorgeson testified

---

[1]Von Wiegen argues in the alternative that even if the law firm was the first and only defendant served, the notice of removal was not timely because the thirty-day period began to run when that first defendant was served.  As noted by the Court in the evidentiary hearing, *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir. 1999), which held that a later-served defendant has "30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants," controls and rules out von Wiegen's argument.  *Id.* at 533.

and explained her duties as a receptionist for the law firm.  She stated that she has never been instructed to receive service of process on behalf of the firm or any of its attorneys.  Defendant and firm partner Karl Koch also testified that he had never authorized anyone to accept service of process on his behalf and stated that Glisson was the registered agent for service of process for their law firm.  Koch explained that under Louisiana law, certain motions must be served, and Thorgeson was authorized to receive service of those motions on behalf of the law firm's clients.  This is not the same as authorizing Thorgeson to accept service of process on behalf of the law firm or its individual attorneys when they are sued.  Deputy Moore's April 27, 2007, affidavit in which she (1) contradicts statements she made in previous affidavits — that she personally served the individual defendants — and (2) provides her personal assessment of how the defendants designated Thorgeson as their agent for service of process, offers no reliable support for von Wiegen.  Because Defendants were never properly served by Deputy Moore, their notice of removal was timely and the case is properly before this Court.

     Before removing to this Court, Defendants filed a motion to set aside the default judgment and a motion to alter, amend, or vacate the final judgment.  A default that has become final as a judgment can be set aside only under the standards for setting aside final and appealable orders under Federal Rule of Civil

6

Procedure 60(b). *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006). This Court considers whether von Wiegen would be prejudiced, whether the defendants have a meritorious claim or defense, and whether the defendants' culpable conduct led to the default. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). When evaluating the culpability factor, the Court examines whether the defendants have demonstrated that their default was the product of mistake, inadvertence, surprise, or excusable neglect. *Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d 204, 209-10 (6th Cir. 1995).

Defendants have established that default judgment was entered against them before they were properly served. Through their affidavits, McGlynn, Glisson, and Koch each swore that they first received notice of the suit against them when they received the notice of default judgment order from the Fayette Circuit Court on April 12, 2007. Their failure to answer was excusable as they were not properly before the state court before default judgment was entered. Furthermore, Defendants have satisfied the other two factors: they have argued that they possess a meritorious defense to the breach of contract claims that led to the $200,000.00 default judgment against them and they have shown that von Wiegen will not be prejudiced by the Court's decision. As a result, the default judgment will be set aside.

7

## Conclusion

Accordingly, and for the foregoing reasons,

**IT IS ORDERED,**

(1)  That Plaintiff's motion to remand [Record No. 4] be, and the same hereby is, **DENIED;**

(2)  That Defendants' motion to set aside the default judgment [Record No. 1] be, and the same hereby is, **GRANTED;**

(3)  That Defendants' motion to alter, amend, or vacate the final judgment [Record No. 1] be, and the same hereby is, **GRANTED;**

(4)  That the default judgment entered against Defendants [Record No. 1] be, and the same hereby is, **SET ASIDE.**

This the 19th day of July, 2007.



**Signed By:**

*Joseph M. Hood*

**United States District Judge**